Argued July 21, affirmed August 12, petition for rehearing denied
September 17, petition for review allowed November 16, 1971

YAMHILL COUNTY ET AL, *Respondents, v.*
DAUENHAUER ET AL, *Appellants.*

487 P2d 1167

*Edward N. Fadeley,* Eugene, argued thè cause and filed the brief for appellants.

*Donald R. Blensly,* McMinnville, argued the cause for respondents Yamhill County and Jack Beeler, Yamhill County Clerk. With him on the brief was Duane Ertsgaard, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

The defendants appeal from a declaratory judgment decree of the circuit court which held that an

initiative measure proposed in Yamhill County "is not a proper and authorized exercise of the initiative procedure * * *."

In September 1968, the Board of Yamhill County Commissioners placed a bond measure on the general election ballot. It proposed financing the construction of a bridge across the Willamette River to Marion County. The measure passed, as did a similar one in Marion County. Each county was to pay one-fourth of the cost of construction, the balance being borne by a federal grant which had already been approved.

Well over a year later the proposal for bids on the bonds was let. It was at this time that the defendants began initiative proceedings which would put before the voters of Yamhill County a measure preventing the county from participating in construction of any bridge across the Willamette River. This effectually stopped the sale of bonds, since a revocation of the county's authority to build the bridge would necessarily vitiate the bonds. The County Clerk of Yamhill County brought this declaratory judgment proceeding after the initiative petitions, with the requisite number of signatures, had been filed.

If the initiative were simply one designed to revoke a favorable vote on a bond issue, the resolution of the question against the defendants would be simple. *Tillamook P.U.D. v. Coates,* 174 Or 476, 149 P2d 558 (1944). In 15 McQuillin, Municipal Corporations 287, § 40.18 (1970), the general rule is stated:

> "If the vote is in favor of the proposition submitted as incurring an indebtedness, it is final and conclusive * * *."

However, the measure submitted in the case at

bar has a broader effect than just the vitiating of the bond issue. The initiative proposal states:

"Notwithstanding any contrary previous decision made by a majority vote of the Yamhill County Commissioners, Yamhill County shall in no manner undertake the construction of, or participate in any manner in the construction of, any bridge or bridges, crossing the Willamette River."

The initiators contend that this is county legislation aimed at the decision of the commissioners to build the bridge, not at the bonding procedures; therefore, it is a proper subject for the initiative. Art IV, § 1 (5) of the Oregon Constitution provides in part:

"The initiative and referendum powers reserved to the people * * * are * * * further reserved to the qualified voters of each municipality and district as to all local, special and municipal legislation of every character in or for their municipality or district * * *."

Plaintiffs, on the other hand, assert that the initiative here is administrative in nature and its sole purpose is to get a second election on the already approved bond issue. The difference between an administrative matter, which cannot be the subject of an initiative or referendum, and a legislative matter, which can be, is treated in detail in *Monahan v. Funk*, 137 Or 580, 3 P2d 778 (1931). The crucial test, according to that case, is whether the measure is one making a law or one executing a law already in existence.

Although the initiative measure in the case at bar *appears* to be legislative in character, according to most of the tests set up in *Monahan*, this does not determine the matter. In 5 McQuillin, Municipal Corporations 212-13, § 16.55 (1969), it is said:

"* * * [I]f the subject is one of statewide

concern in which the legislature has delegated decision-making power, not to the local electors, but to the local council or board as the state's designated agent for local implementation of state policy, the action receives an 'administrative' characterization, hence is outside the scope of the initiative and referendum."

Counties are municipal corporations—creatures of the state. ORS 203.010. Their authority in non-Home Rule counties like Yamhill extends only to what is provided by state law. ORS 203.120.

■ Just as a city has no authority to divest one of its officers of authority conferred upon him by a valid state law, it follows that a county has no authority to divest itself of authority conferred upon it by a general law of the state applicable to counties. This is particularly true where the authority is conferred in order to accomplish a purpose beneficial to the state at large. See *Grayson; Heer v. State,* 249 Or 92, 97-100, 436 P2d 261 (1968); *In re Application of Boalt,* 123 Or 1, 260 P2d 1004 (1927).

■ ORS 203.120 provides:

"The county court has the authority and powers pertaining to county commissioners to transact county business, as follows:

"* * * * *

"(4) To provide for the erection and repairing, within the county, of public bridges upon any road or highway established by public authority."

ORS 382.245 provides that any county may construct a bridge over any stream which is a boundary line between that and any other county and any county may unite with such other county for the purpose of such construction. It is obvious that the authority thus

 conferred was intended to further a public policy of facilitating travel within and between the counties.

██ Action at the county level, such as the initiative here, may not be used to defeat state legislation enacted for the benefit of all people in the state. This was what the court had in mind in *Monahan v. Funk,* supra, when it said:

> "In ascertaining the intent of the people with respect to the scope and nature of the initiative and referendum powers, it is appropriate and important to consider what the consequences of applying it to a particular act of legislation would be, and if found to destroy the efficacy of other governmental power or to produce disastrous results, the court will not place such an interpretation on the constitution that will make it inapplicable or destroy or impair the efficacy of governmental power * * *." 137 Or at 586.

In the same context he quoted 2 Lewis' Sutherland Statutory Construction (2d Ed.), § 490:

> " 'The statutes are to be construed in the most beneficial way in which their language will permit to prevent absurdity * * * to favor public convenience and to oppose all prejudice to public interests."

If the instant initiative measure were allowed upon the ballot and it was then defeated by the voters, the same minority of the voters who proposed the first initiative could circulate other similar petitions for another election. This could go on ad infinitum, frustrating the will of the majority of county voters as well as that of the state legislature.

In *Monahan v. Funk,* supra, the court said:

> "* * * If the electors * * * [who proposed the initiative] desire to take further action they

should take steps to repeal the charter." 137 Or at 588.

Here, the authority to build the bridge is found in general legislation of the state; it stands in the same place as did the charter in *Monahan*. Therefore, if some electors of Yamhill County desire to take further action it must be directed toward repeal of the authority which state legislation has granted to the county; namely, ORS 382.245.

*State ex rel Allen v. Martin*, 255 Or 401, 465 P2d 228 (1970), upon which defendants rely, does not convince us to change what we have said above. In that case the initiative that nullified an ordinance passed by the city council was in the form of an amendment to the city charter; it changed the basic authority of the city. As explained above, the change sought here is not of that character.

■ The defendants argue that plaintiffs did not do certain things defendants assert were conditions precedent to proceeding with the bridge construction, such as appointing viewers of the bridge property to estimate costs, etc., as contemplated by ORS 382.245 (2), and that, therefore, the declaratory relief should not have been granted. The issue in this case is whether defendants' initiative measure can be on the ballot. The proceedings relating to construction of the bridge, such as having viewers estimate costs, are irrelevant to this issue.

Two other assignments of error made by defendants are equally irrelevant.

Affirmed.